112 So.2d 380 (1959)
Jesse Coolidge PAIT, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida.
March 11, 1959.
Rehearing Denied May 27, 1959.
*382 Harvie S. DuVal, Miami, and Arthur A. Carlson, Hialeah, for appellant.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
Appellant Pait seeks reversal of a judgment of conviction and sentence to death entered pursuant to a jury verdict finding him guilty of murder in the first degree without recommendation of mercy.
Our judgment turns on certain aspects of the closing argument of the State Attorney.
Pait was indicted for the murder of one Adolf Rothman by shooting him with a pistol. The evidence submitted by the prosecution tended to establish that the killing occurred during the perpetration of a robbery of the deceased by the appellant. It is unnecessary to delineate the testimony in detail. The jury found appellant guilty of the murder. Mercy was not recommended. The trial judge entered a judgment of conviction and as required by statute sentenced appellant to death in the electric chair. Reversal of this judgment is now sought.
Appellant contends that errors were committed when the prosecutor was permitted to propound certain inquiries to prospective jurors on voir dire. The questions had reference to their attitude toward a finding of guilt based on evidence of the Commission of a homicide during the perpetration of a robbery. He contends that the trial judge committed error when he gave certain instructions to the bailiff in the presence of the jury regarding the placing of chairs in the courtroom and the seating of the bailiff beside the defendant during final arguments of counsel. He further contends that he was illegally prejudiced by certain remarks of the State Attorney in his closing argument to the jury.
To support the verdict and judgment, the State contends that no errors were committed in the conduct of the trial. The State asserts that the evidence of guilt is overwhelming and that if error was committed by the prosecuting officer in his closing remarks to the jury it was harmless in view of the indisputable evidence of appellant's guilt.
We have examined the questions propounded to prospective jurors by the State Attorney on voir dire. The sum of those to which appellant now objects dealt with the attitude of prospective jurors toward capital punishment. The jurors were asked whether they could find the accused guilty of first degree murder absent an affirmative showing of premeditation if it appeared from the evidence beyond *383 a reasonable doubt that the homicide was committed during the perpetration of the robbery.
Without laboring the point, we find no fault in the questions propounded by the prosecuting officer. They were no more objectionable than those approved by this court in Pope v. State, 84 Fla. 428, 94 So. 865. A hypothetical question making a correct reference to the law of the case to aid in determining the qualifications or acceptability of a prospective juror may be permitted by the trial judge in the exercise of a sound judicial discretion. Pope v. State, supra.
Preliminary to closing arguments of counsel the trial judge directed the bailiff to sit beside the defendant. The judge also made some reference to the availability of an extra chair if needed. Appellant suggests that such statements by the judge in the presence of the jury indicated some thought on the part of the judge that the appellant would make an effort to escape. This, he says, in turn conveyed to the jury the notion that he himself suspected that he would be found guilty and might attempt to flee.
We find no justification for any such inferences to be drawn from either the words or acts of the trial judge. The defendant himself had testified that he had escaped from prison on at least two occasions. He had frankly admitted a long record of difficulties with the Law. We find nothing in this point that would support a reversal.
We come now to the contention of the appellant with reference to the alleged harmful remarks which the prosecuting officer made during his closing argument to the jury. It will be recalled that the indictment charged murder committed by shooting the deceased with a pistol. The evidence offered by the State was certainly adequate to sustain a jury conclusion that the appellant had committed the homicide in the perpetration of a robbery of the deceased. The appellant does not contend that the evidence was insufficient to support a verdict of guilt of first degree murder. The jury was fully justified in believing the State's witnesses and declining to believe the defendant. With regard to these alleged harmful remarks the position of the appellant simply is that under the applicable statute, Section 919.23, Florida Statutes, F.S.A., the jury had an absolute discretion in the matter of recommending mercy. He contends that we have no way of determining the course of the jury's thinking on this subject. He then points to the improper remarks of the prosecuting officer with the insistence that such remarks might well have sowed in the minds of the jurors seeds of prejudice or indifference to duty that would detract them from exercising their discretion in the direction of mercy. This being the contention, let us look to the remarks themselves.
At one point in his final argument the State Attorney undertook to point out to the jury that the defendant had a right of appeal if convicted but that no such right was available to the State if the jury failed to convict him. His exact words were:
"The State of Florida also provides this defendant with the only right of appeal. The People of the State have no right to appeal. This is the last time the People of this State will try this case in this court. Because whatever you do, the People have no right of appeal. They are done. This is their day. But he may have another day; he has an appeal. So those are the rights that the State of Florida gives to him, that intangible object."
Following close on the above quoted remarks, the State Attorney then went on to advise the jury as follows:
"Before each murder trial that is prosecuted in this circuit, where I'm the State Attorney, a conference is held between me and my assistants to *384 determine whether or not the facts in the case justify the State's giving maximum punishment under the law.
"I told you at the outset of this trial that if the facts in this case warranted this defendant being sent to the electric chair * * *".
At this point counsel for appellant objected on the ground that the prosecutor was attempting to convey to the jury some indication that there were facts other than those brought out on the witness stand. The trial judge did not undertake to admonish the prosecutor. He merely observed, "If there was such intention, the motion will be granted. Let's proceed."
No objection was interposed by the appellant to the remarks of the prosecutor with reference to right of appeal. In the first place we consider it was highly inappropriate for the prosecuting officer to make the statement to the jury. In Blackwell v. State, 76 Fla. 124, 79 So. 731, 735, 1 A.L.R. 502, which was also a murder case, we held that it was improper for the prosecutor in his argument to the jury to state: "If there is any error committed in this case, the Supreme Court, over in the capital of our state, is there to correct it, if any error should be done." It is true that in Blackwell v. State, supra, the defendant objected to the remark and the trial judge overruled the objection. However, this court held that the remark of the prosecutor injected reversible error into the record. Such remarks therefore can hardly be treated as harmless. This is so because the jury is being told that in some measure they could disregard their own responsibility in the matter and leave it up to the Supreme Court.
In the instant case the statement of the prosecutor was even stronger. He not only suggested that the defendant would have a right of appeal but also pointed out that the State would have no right of appeal and that the prosecution was having its last day in court on the matter. In this he incorrectly stated the law as is evident by the fact that when this conviction is reversed, the prosecution will have another opportunity to try to convict this appellant. Furthermore, there are several grounds upon which the State may appeal in a criminal case. Section 924.07, Florida Statutes, F.S.A. Certainly a trial judge should be given an opportunity to correct such highly prejudicial although sometimes impulsive remarks of prosecuting officials. However, we think there are situations where the comments of the prosecutor so deeply implant seeds of prejudice or confusion that even in the absence of a timely objection at the trial level it becomes the responsibility of this court to point out the error and if necessary reverse the conviction.
Similarly, the statement of the prosecutor to the effect that he and his staff always confer on the facts of a case to determine whether they would ask the maximum penalty and referring back to his remarks on voir dire with reference to sending the defendant "to the electric chair", we think transcended the limitations of appropriate argument to the jury. The effect of his statement was merely that he and his staff had had a meeting, that they had considered the facts and had concluded that the appellant should be sent to the electric chair. The State argues that it must have been obvious to the jury that the prosecutor deemed the facts sufficient to justify capital punishment else he would not have been requesting the supreme penalty. In his argument, however, he also conveyed to the jury the fact that he and his staff had considered the matter before trial and had concluded that the death penalty should be requested. It is certainly appropriate for the prosecuting attorney to urge the jury to prescribe the supreme penalty on the basis of the evidence which the jury hears. It is not appropriate to undertake to give the jury the benefit of the composite judgment of the State Attorney's staff allegedly reached on *385 the basis of investigations and discussions taking place before the trial.
It should be noted that the remarks of the prosecutor were not provoked by irritations or proddings by the defense counsel. Henderson v. State, 94 Fla. 318, 113 So. 689. They were not mere casual innocuous observations made during an impassioned appeal. The record here suggests that the objectionable arguments were tendered calmly and in a fashion calculated to forestall a mercy recommendation. The prosecutor never appeared to be in doubt that he could obtain a conviction of first degree murder. There were enough eyewitnesses to the shooting to justify this confidence. The prime ambition of the State appeared to be the electric chair for the accused. The prosecution was splendidly handled until this overriding ambition "marred the fruits of useful toil". We certainly do not condemn aggressiveness on the part of prosecuting officers. On the contrary, diligence is to be commended. However, in the process we cannot condone harmful errors.
The general rule is that an alleged error based on improper argument to the jury will not be considered by an appellate court unless a timely objection was registered in the trial court. Rogers v. State, 158 Fla. 582, 30 So.2d 625; Carlile v. State, 129 Fla. 860, 176 So. 862. However, when an improper remark to the jury can be said to be so prejudicial to the rights of an accused that neither rebuke nor retraction could eradicate its evil influence, then it may be considered as ground for reversal despite the absence of an objection below, or even in the presence of a rebuke by the trial judge. Florida Appellate Rules 3.7(i) and 6.11, subd. a, 31 F.S.A. Cooper v. State, 136 Fla. 23, 186 So. 230; McCall v. State, 120 Fla. 707, 163 So. 38; Simmons v. State, 139 Fla. 645, 190 So. 756; Carlile v. State, supra. Certainly, the better practice is to bring the matter promptly to the attention of the trial judge. Defense counsel has the duty to remain alert to such things in fulfilling his responsibility to see that his client receives a fair trial. Except in rare instances where a grievous injustice might result, this court is not inclined to excuse counsel for his failure in this regard. We think the remarks here fall within the exception.
It is of course understandable that the heat of forensic battle might cause momentary lapses of alertness on the part of both court and counsel. It is because of this that we have on occasions reviewed highly prejudicial remarks even though no objection was made at the trial.
The Attorney General concedes that comments of the type here involved should be discouraged. We are asked, however, to disregard the errors as harmless. Sections 54.23 and 924.33, Florida Statutes, F.S.A.
We are here dealing with a capital case. Under Section 919.23, Florida Statutes, F.S.A., the jury can absolutely control the punishment to be prescribed when it convicts an accused of first degree murder. The jury can recommend mercy without rhyme or reason. Its authority in this regard is bounded only by the conscience of the jurors. It is impossible to look at a set of facts and determine whether a jury should or should not recommend mercy. In practically every other type of verdict we can judicially examine the facts and determine whether they would or would not support the verdict regardless of the error. This is not so with regard to the power to recommend mercy because no facts at all are necessary to enable a jury to make the recommendation. Thus it is that an error which might be viewed as harmless under many circumstances can assume proportions of utmost importance when equated to the possibility of a mercy recommendation in a capital case.
We think that in a case of this kind the only safe rule appears to be that unless this court can determine from the record that the conduct or improper remarks of the prosecutor did not prejudice the accused *386 the judgment must be reversed. McCall v. State, supra.
Our concern over the prejudicial effect of any error in this case is further aroused by a matter that transpired after the jury retired to consider its verdict. After the jurors had deliberated for about two hours, they returned and asked the judge for an answer to the following question: "If found guilty in first-degree murder with recommendation for mercy and receives life term, what is the minimum years he must serve before being eligible for parole in Florida?" The judge in substance replied that he couldn't give them an answer to their inquiry; that they would have to confine their deliberations to the evidence presented at the trial.
The quoted question certainly indicates a serious consideration of the subject of mercy by the jury. Sutton v. State, Fla. 1951, 51 So.2d 725. Whether they were persuaded against it by the eloquence of the prosecutor, part of which was improper and erroneous, we as an appellate court cannot determine. We can say, however, that the subject remarks were improper, that they might well have unduly prejudiced the jury against the accused and under the rule of McCall v. State, supra, we cannot say that they were non-prejudicial and harmless. After all, errors which could make the difference between life and death can hardly be deemed harmless and trivial.
Our examination of the record suggests another matter to which we invite the attention of the trial judge inasmuch as this conviction is being reversed. The instructions on the degrees of homicide as required by Section 919.14, Florida Statutes, F.S.A., were incomplete. Under the cited statute and our opinion in Killen v. State, Fla. 1957, 92 So.2d 825, where first degree murder is charged it is required that the trial judge instruct the jury as to all degrees of unlawful homicide. The appellant makes no point of this on appeal and because of the view we have taken on other grounds, it is unnecessary for us to explore the possibility that failure to instruct completely on the degrees of homicide might constitute a fundamental error that would justify consideration even though not assigned. We mention the point here primarily for the information of the trial judge at any subsequent trial of the case.
The judgment is reversed.
THOMAS, DREW and O'CONNELL, JJ., concur.
TERRELL, C.J., dissents.
ROBERTS, J., dissents in part.
ROBERTS, Justice (dissenting in part).
I agree with all of the opinion by Mr. Justice THORNAL except his conclusion that the judgment should be reversed because of the improper remarks of the prosecuting attorney.
Sec. 924.33, Fla. Stat. 1957, F.S.A. [§ 309 of the Criminal Procedure Act of 1939, Ch. 19554, Laws of 1939] provides that
"No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."
See also § 54.23, Fla. Stat. 1957, F.S.A., prohibiting the reversal of a judgment in a civil or criminal case unless "after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice."
Here, the evidence adduced by the State abundantly supported the verdict and judgment convicting the appellant of murder in the first degree  so much so, *387 in fact, that the appellant does not here challenge the sufficiency of the evidence. As stated in behalf of appellant in his counsel's reply brief, "The question here presented is whether or not the state attorney, by his remarks, prevented the appellant from having a fair and impartial consideration of the question of whether or not the jury should recommend mercy." And, in the opinion of the writer, the remarks complained of, if error, were harmless error under §§ 924.33 and 54.23, supra.
The remarks directed to the proposition that the State had no right of appeal but that the appellant had "another day" in court, appear to me to be relevant only to the question of whether the jury should find the appellant guilty or not guilty of an unlawful homicide; and I am unable to comprehend how this statement could have influenced the jury in its decision against recommending mercy. It is true that in Blackwell v. State, 1918, 76 Fla. 124, 79 So. 731, 739, 1 A.L.R. 502, somewhat similar remarks were held by this court to be improper and the refusal of the trial judge to strike them from the consideration of the jury was said to be "prejudicial error". But, except for the proposition that the remarks were improper, the Blackwell case is not controlling here. There, many other errors of the trial judge (e.g., denial of defendant's motion for a change of venue because of prejudice, admitting into evidence inadmissible testimony) were said by this court to have amounted "in the aggregate" to a denial of a fair and impartial trial, and the "nature and character of the testimony" was such that a verdict of guilty was "extremely problematical"; here, the situation is the reverse. And, more important, in the Blackwell case the remarks were promptly objected to, and this court said that the trial judge's refusal to strike the improper remarks from the consideration of the jury was error because it "tended to lessen their estimate of the weight of their responsibility, and cause them to shift it from their consciences to the Supreme Court." Since in the Blackwell case this court was concerned with whether the defendants had a fair and impartial trial on the question of their guilt or innocence, the relevancy of the improper remarks, and the trial judge's ruling thereon, is immediately apparent. Here, however, this court is concerned with the question of whether the improper remarks may have prejudicially influenced the jury against recommending mercy; and since an appellate court has no responsibility in this respect  either to recommend or to review the jury's exercise of its discretionary power to recommend mercy  it is clear that the improper remarks could not have influenced the jury, one way or the other, in its decision in this respect.
Failing to see how the improper remarks in question could possibly have "injuriously affected the substantial rights of the appellant", § 924.33, supra, insofar as the jury's decision against recommending mercy is concerned, I would hold the improper remarks, and the failure of the trial judge on his own initiative to strike them from the consideration of the jury, to be harmless error. Cf. McMann v. State, Fla. 1951, 55 So.2d 538.
As to the state attorney's statement concerning his custom of holding a conference with his staff prior to a murder trial "to determine whether or not the facts in the case justify the State's giving maximum punishment under the law," the only objection made by counsel for the appellant was that the state attorney was "trying to convey to the jury that there are other facts possibly that may be in this trial or considered that are not  or have not been on the witness stand." Any impropriety or error in this respect was cured when, in response to the trial judge's ruling, the state attorney said: "I assure your Honor and gentlemen of the jury that was not my intention, and that I'm referring to the facts as you know them and as I know them, because you have heard all of them in this courtroom."
*388 Conceding that a prosecuting attorney has the right to urge the jury to prescribe the supreme penalty on the basis of the evidence before it, it is to be assumed that a state attorney would not do so except on the basis of an investigation made by him and his staff prior to trial and a discussion of the facts adduced thereby; and a statement by the state attorney that he had fulfilled his duty in this respect could add nothing to what the jury, as reasonably intelligent men and women, presumably already knew. Apparently as an after-thought, counsel for the appellant now contends that the jury could have interpreted the remark as stating that it was the composite judgment of the state attorney and his staff that the extreme penalty should be requested. As so interpreted, the statement was an improper gratuity and should not have been made by the state attorney. As indicated above, however, no objection on this ground was made by counsel for the appellant at the trial. And, as noted by Mr. Justice THORNAL in his opinion, ordinarily a judgment will not be set aside because of improper remarks of counsel unless objection thereto is made by opposing counsel at the time. This rule is, however, "subject to the exception that if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, in such event, a new trial should be awarded, regardless of the want of objection or exception." Carlile v. State, 1937, 129 Fla. 860, 176 So. 862, 864.
Here, the questions of whether the jury did, in fact, so interpret the statement in question and whether, if so interpreted, the remark would have had any influence whatsoever on the jurors in the exercise of their own responsibility in the matter of recommending mercy, cannot be answered with any degree of certainty. It can be said with certainty, however, that if the state attorney had been given an opportunity to explain and retract such an interpretation of his remark, any "sinister influence" of his remark would have been completely dissipated. This being so, the remark in question is clearly not within the exception to the rule above referred to.
It is true that the jurors may recommend mercy without rhyme or reason, as stated by Mr. Justice THORNAL in his opinion. But when they do not and when, as here, the evidence of defendant's guilt is overwhelming and no extenuating facts or circumstances that might have appealed to the jury in the exercise of their discretion in this respect appear in the record, the appellate court should not hesitate to apply the harmless error statutes, §§ 924.33 and 54.23, supra, in upholding convictions of murder in the first degree without recommendation, as against a contention that the jury was prejudicially influenced against recommending mercy by the error complained of. See North v. State, Fla. 1953, 65 So.2d 77, 100; McMann v. State, supra, 55 So.2d 538. And, in my opinion, a reversal of this judgment on the "iffy" and purely conjectural basis here contended for by the appellant would be contrary to our statutory duty under the harmless error statutes referred to above.
For the reasons stated, I would affirm the judgment here reviewed.
TERRELL, C.J., concurs.

On Petition For Rehearing
THORNAL, Justice.
By its petition for rehearing the State suggests that we have done violence to the harmless error rule as reflected by our opinion in North v. State, Fla. 1953, 65 So.2d 77, at page 100.
We think there is no justification for the concern indicated by the petition for rehearing. In our original opinion here we merely pointed out that an error which might be deemed harmless under many circumstances can become tremendously harmful when related to the discretionary function of a jury in the matter of recommending mercy in a capital case. We have not held in this case that it is never *389 possible to have a harmless error in a capital case, even when mercy is not recommended. We do hold, however, that in view of the unbounded discretion of the jury in the matter of recommending mercy, alleged errors in such cases will be carefully scrutinized and evaluated before they will be written off as harmless.
In North v. State, supra, the majority merely held that the error alleged in that instance did not constitute reversible error. There was a vast difference between the situation presented in the North case and that reflected by the record in the instant case. Here the jury, by its own inquiry to the trial judge, revealed that it was carefully considering the matter of a mercy recommendation. Furthermore, there can be no doubt whatever that the remarks of the prosecuting officer constituted errors of such proportion and of such potential for doing harm to the appellant that they could not be considered as harmless.
The State refers us to the following language in the opinion of the majority on rehearing in North v. State, supra:
"If harmless error did not influence the jury in determining the guilt of the appellant, then it could not influence it in recommending mercy."
As related to the North decision the quoted language is purely obiter dictum. It was in no sense essential to the holding and should not be considered as a precedent. We think, in actuality, that the quoted statement is an erroneous pronouncement and should be disregarded in the future. This in no way reflects adversely on the opinion and judgment of the majority in North v. State, supra, because, as pointed out, the objectionable observation was merely dictum and had no controlling influence on the ultimate judgment.
We have carefully considered the other points suggested by the petition for rehearing. We have not been made aware of anything which we overlooked in our original consideration of the case and we, therefore, find no justification for disturbing the original opinion.
The petition for rehearing is denied.
THOMAS, DREW and O'CONNELL, JJ., concur.
TERRELL, C.J., and ROBERTS, J., dissent.