215 So.2d 750 (1968)
Armando CHAVEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 68-24.
District Court of Appeal of Florida. Second District.
November 20, 1968.
Raymond E. LaPorte, of Ragano & LaPorte, Tampa, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
MANN, Judge.
If oratory comes, can reversal be far behind? In this case a zealous prosecutor, summing up to the jury, said, "This is your community. If you believe that Deputy Booth is lying on that witness stand, if you think that he's mistaken then you come in with a verdict of an acquittal and let him go back out in your community and handle more morphine."
The appellant was convicted of unlawful possession of narcotics, precisely the offense he was charged with. There is nothing in the record from which we can tell whether the offensive remark, objected to by counsel, recognized by the court as objectionable in sustaining the objection and by the attorney general in argument here, contributed to the conviction. As Mr. Justice Thornal said, in Pait v. State, 112 So.2d 380 at page 385 (Fla. 1959): "We think that in a case of this kind the only safe rule appears to be that unless this court can determine from the record that the conduct or improper remarks of the prosecutor did not prejudice the accused the judgment must be reversed." That was a capital case, and this is not, but the accused has a fundamental right to a fair trial free from argument condemned, according to Mr. Justice Terrell, "* * * so many times * * * that the law against it would seem to be so commonplace that any layman *751 would be familiar with and observe it." Stewart v. State, 51 So.2d 494 (Fla. 1951). See Davis v. State, 214 So.2d 41, 3rd D.C.A., Opinion filed September 24, 1968.
In Mr. Justice Drew's opinion in Grant v. State, 194 So.2d 612 (Fla. 1967), which cites amply the authorities we otherwise might, he drew an apt analogy to the prosecutor's performance in this case: "Many a winning touchdown has been called back and nullified because someone on the offensive team violated a rule by which the game was to be played."
It is a pity. The appellant's contention that he was convicted on insufficient evidence is utterly without merit. The arresting officer closely pursued Chavez and saw him throw what, in his headlights, appeared to be a white cylindrical object out of the car window near a cigar factory. The deputy stopped Chavez about 500 feet farther, radioed for help and, when a second officer appeared to hold Chavez, went back to search for the object thrown out of the car. It turned out to be an amber bottle containing morphine. The officer testified that there was no object in the vicinity with which it might have been confused. We can find no fault with the work of the sheriff's office in this case, and if the prosecutor will let the next jury determine this case on evidence and not emotion it will be justified in rendering the same verdict.
Appellant next contends that the trial court should not have read Florida Statutes § 398.20, F.S.A. to the jury after reading § 398.03, on which the prosecution was brought. Section 398.20 is like statutes held constitutional in Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925). If the state had to prove positively that no one of the thousands of physicians in Florida had prescribed the narcotic there would never be a conviction for unlawful possession. If the defendant contends that he is in rightful possession he should so allege as an affirmative defense, which does not by any means involve compelling him to testify against himself. Indeed, the best testimony would be that of the prescribing physician. However, we do agree that § 398.20 uses the phrase "burden of proof" in a way likely to be misunderstood, and suggest that on retrial the court follow the procedure of reading § 398.03 and telling the jury that none of the exceptions to that section is in issue and they need not concern themselves with that language. See United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), especially note 7 at page 71; see also the annotation at 13 L.Ed.2d 1138.
Reversed and remanded for a new trial.
ALLEN, A.C.J., and PIERCE, J., concur.