233 So.2d 154 (1970)
Glen RUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 69-167.
District Court of Appeal of Florida, Fourth District.
March 23, 1970.
Timothy A. Curran of Sam E. Murrell & Sons, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and J. Terrell Williams, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Defendant appeals conviction and judgment entered thereon of assault with intent to commit first degree murder and breaking and entering a vehicle with intent to commit a crime. We reverse.
Defendant's principal assertion of error surrounds statements made by the prosecutor to the jury during argument, inclusive of which is the following:
"People are getting killed and I submit to you if we let this individual go in society, *155 possibly something will happen will effect [sic], that an innocent party, another innocent party could possibly get killed by this individual.
"MR. MURRELL: I object to that, Your Honor.
"MR. WILHELM: You brought it out.
"THE COURT: Have a seat, Mr. Murrell. Wind it up, Mr. Wilhelm.
"MR. WILHELM: Yes, sir.
"* * *.
"He was the one that performed the act that night of September 23rd, 1967, and he should be made to pay for that crime because if we don't have that, we are going to have a breakdown in society and we are going to have people getting stabbed all over Orange County.
"MR. MURRELL: I object to that, Your Honor.
"THE COURT: The objection will be noted in the record."
With commendable candor, the State admits in its brief:
"The Transcript of Trial Testimony shows that the trial judge neither sustained the Appellant's objections, nor gave the jury any cautionary instruction with regard to the above-cited remarks. We do not find that such statements were supported by anything in the record, nor do we find that they constituted a justifiable reply to any comment of defense counsel in his closing argument to the jury.
"Therefore, we are inclined to think that these above comments of the prosecutor fall within the condemnation of the decisions in the following cases: Grant v. State, 194 So.2d 612 (Fla. 1967); Stewart v. State, 51 So.2d 494 (Fla. 1951); Chavez v. State, 215 So.2d 750 (Fla.App.2d 1968); and Davis v. State, 214 So.2d 41 (Fla.App.3d 1968).
"It further appears that the nature of these statements made by the prosecutor, when considered in light of the above-cited decisions, would render a `harmless error' contention entirely inappropriate in this cause."
We agree. Inflammatory and abusive statements are not to be indulged in. These were highly prejudicial.
Reversed and remanded for a new trial.
McCAIN, REED, and OWEN, JJ., concur.