GRIMES, Judge.
The appellant appeals his conviction of murder in the second degree.
The appellant was accused of shooting and killing the decedent during the course of a barroom fight. Appellant raised a plea of self defense, and the jury was charged on this plea. Despite the appellant’s contention to the contrary, the record contains sufficient evidence to uphold the jury’s conclusion of guilt beyond a reasonable doubt.
Appellant contends that he was prejudiced by statements of the prosecuting attorney tending to reflect his individual belief in the appellant’s guilt. The Supreme Court has held it to be a sound rule of practice that the prosecution should not in argument express belief in the guilt of the defendant. Grant v. State, Fla.1965, 171 So.2d 361. Even though no objections were made to the prosecutor’s comments, it has been held that certain improper argument can be said to be so prejudicial to the rights of an accused as to constitute fundamental error. Pait v. State, Fla.1959, 112 So.2d 380.
The appellant’s contention centers around the fact that the prosecuting attorney prefaced many of his comments with the words “I think.” Apparently, the prosecutor had an unfortunate habit of using these words to introduce each new topic of discussion. These words, by. themselves, *541 tend to reflect a personal opinion of the speaker. Nevertheless, when they are read in the context of what the prosecutor went on to say he thought, they appear to be innocuous. Having studied the argument in its entirety, we cannot say that the expressions of personal opinion which were made by the prosecution in this case constituted prejudicial error.
The judgment is affirmed.
MANN, C. J., and McNULTY, J., concur.