333 So.2d 524 (1976)
Les REED, Appellant,
v.
STATE of Florida, Appellee.
No. X-414.
District Court of Appeal of Florida, First District.
June 23, 1976.
*525 Samuel S. Jacobson, of Datz, Jacobson & Dusek, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
RAWLS, Judge.
Once again the extensive time and money expended in a criminal proceeding must go "down the drain" because of the over zealous argument of one prosecutor.[1]
Appellant was charged and found guilty of the sale of marijuana. Trial evidence disclosed a single transaction between appellant and a police officer. No evidence of any character was adduced as to appellant having been previously engaged in the sale of drugs to any other persons. However, the prosecuting attorney argued to the jury as follows:
"You have got a tough decision to make in this case. It's not an easy one. The last ten years drug trafficking and drug abuse in this country has skyrocketed. It's a spreading disease. Drug abuse has spread down from colleges to high schools down to grade schools. You read in papers now about children in grade schools, grammar schools using drugs, and where do those drugs come from? From people who are willing to make money off of them.
"Now, we've got a police force that is trying to make arrests on dope peddlers. We've got Courts that are willing to try dope peddlers. We've got prosecutors that are willing to prosecute dope peddlers to try to clean up this country. But the ultimate and the final responsibility, the whole system comes down to one focal point, one responsibility: Citizens of each community that sit on the juries of these cases. You have the ultimate power over controlling drug abuse: Sitting on drug cases and listening to the testimony, deciding whether the State has proved its case. The welfare of the citizens of Florida and the people of Duval County, I'm contending, ask that you return a verdict of guilty in this case after considering the evidence. The decision is yours, though, and I ask you to consider it very carefully. Thank you."
In addition, the prosecuting attorney, in commenting as to defense counsel's role, argued:
"Mr. Jacobson is the Defense Counsel in this case. His responsibility as the Defense Counsel is to defend someone charged with a crime. That's his duty. His responsibility in this case is to provide the best defense possible for his client, and he's doing just that: The best defense possible.
"Mr. Jacobson doesn't share any guilt that his client may have; he's merely doing his job in this case...."
The prosecuting attorney also injected his personal belief into his argument by stating:
"... All that the State asks for in this case is fairness. The State doesn't prosecute someone because of their religion or their race or their *526 nationality. We prosecute them because we believe they are guilty of crimes."
Timely objection to the foregoing argument was sustained by the trial judge who valiantly tried to correct the inflammatory and prejudicial argument by the state; however, we find that the remarks were so prejudicial that the trial judge's efforts were in vain. Appellant was deprived his fundamental right to a fair trial.[2]
REVERSED.
BOYER, C.J., and McCORD, J., concur.
NOTES
[1] Grant v. State, 194 So.2d 612 (Fla. 1967).
[2] Stewart v. State, 51 So.2d 494 (Fla. 1951); Pait v. State, 112 So.2d 380 (Fla. 1959); Grant v. State, supra; and Chavez v. State, 215 So.2d 750 (Fla.App. 2nd, 1968).