MAGER, Chief Judge,
dissenting:
As Judge Rawls aptly observed in Reed v. State, 333 So.2d 524, 525 (Fla.1st DCA 1976): “Once again the extensive time and money expended in a criminal proceeding must go ‘down the drain’ because of the over zealous argument of one prosecutor.” Most respectfully, this is precisely the situation with which we are once again confronted.
In the proceeding below, the following colloquy occurred:
“MR. KRISCHER [Prosecutor]: . . .
You have no evidence before you that Ernest Redden has ever been convicted of any of the things he’s been talking about here. If you close your eyes to this ripoff, which was in retribution to a bad drug deal, shootings on the street will take place and innocent people will get hurt.
MR. BROOKS [Defense Counsel]: I would ask the jury be taken out.
(Jurors left the courtroom)
MR. BROOKS: The last comment by Mr. Krischer is the most blatant attempt to invoke the insidious impression to get a conviction that I have seen. ‘If you don’t convict Ernest Redden, more innocent people are going to get shot.’ I move for a mistrial, I think it’s well warranted.
MR. KRISCHER: The comment by the State was made based on the evidence the defense himself put on. If that was not an attempt to get the jury’s sympathy for the defendant, I don’t know what is. I don’t see any other reason for putting it on. I should be allowed to comment on it.
THE COURT: I will overrule the motion.” (Emphasis supplied.)
After the retirement of the jury, as if to add insult to injury, the prosecutor repeated substantially the same statements to which defense counsel again timely and vainly objected:
“MR. KRISCHER: I submit to you, if you allow yourselves to be blinded by defense tactics in this case, putting Ernest Redden on trial here, and you allows yourselves to be blinded by the rip-off that occurred in this case, that was, in retribution to a bad drug deal, there are going to be more shootings on the streets and innocent people are going to get hurt. You cannot allow Palm Beach County to get involved in this case.” (Emphasis supplied.)
In Grant v. State, 194 So.2d 612 (Fla.1967), the Supreme Court of Florida in reversing the murder conviction of the defendant based upon the prejudicial nature of the prosecutor’s closing argument, reaffirmed the proposition that every defendant has the right to have his fate “determined in a fair and impartial manner, free from prejudicial and inflammatory statements.” The statements in the instant case, although *1087 distinguishable from those condemned in Grant, were sufficiently similar in their potential adverse effect so as to render the Grant decision applicable.
There is, however, a marked similarity between the instant statements and those found by this Court in Russell v. State, 233 So.2d 154 (Fla. 4th DCA 1970), to be “highly prejudicial” so as to constitute reversible error. In Russell, the prosecutor asserted in his closing argument:
“ ‘People are getting killed and I submit to you if we let this individual go in society, possibly something will happen will effect [sic], that an innocent party, another innocent party could possibly get killed by this individual.’ ” 233 So.2d at 154-155.
See also Price v. State, 267 So.2d 39 (Fla. 4th DCA 1972); Chavez v. State, 215 So.2d 750 (Fla.2d DCA 1968).
As heretofore noted, although it appears that the evidence is sufficient to sustain a conviction, the conclusion is inescapable that defendant was deprived of a fair trial by virtue of the prejudicial comments made by the prosecuting attorney.
The observation made by former Justice Ervin, dissenting in Wade v. Wainwright, 273 So.2d 377, 378 (Fla.1973) perhaps best sums up the situation:
“The record indicates that the prosecuting attorney presented an oral argument before the jury that was designed to arouse their emotions and divert their minds from the relevant evidence which was properly before them. This is not American justice nor a fair trial. In each instance the defense counsel made a timely objection to the improper argument so as to bring the court’s attention to the prejudicial effect. 23 Fla.Jur., New Trial, § 23. Even though there appears to have been substantial relevant evidence to support the conviction, I would grant the petition and remand for a new trial ‘conducted coolly and fairly, without the indulgence in abusive or inflammatory statements made in the presence of the jury by the prosecuting officer.’ Goddard v. State, 143 Fla. 28, 196 So. 596 (1940).”
Accordingly, I would reverse and remand for a new trial.