347 So.2d 449 (1977)
Jeff Lee PORTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1162.
District Court of Appeal of Florida, Third District.
June 28, 1977.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
HENDRY, Chief Judge.
Appellant, defendant below, was charged by a two count information with (1) the sale or delivery of a controlled substance and (2) the possession of a controlled substance, both in violation of Section 893.13, Florida Statutes (1975). A jury found appellant guilty on both counts and he was sentenced to a term of six years imprisonment as to count one and five years imprisonment as to count two, to run concurrently with the sentence imposed in count one.
Appellant appeals his final judgment of conviction and sentence on two grounds. Appellant contents initially that the trial court erred in denying his motion for mistrial when, during closing argument, the prosecution offered "highly improper and prejudicial" comments which violated appellant's right to a fair trial.
Secondly, appellant contends that, pursuant to our decision in Orange v. State, 334 So.2d 277 (Fla.3d DCA 1976), the trial court erred in sentencing him to separate sentences for the offenses of sale and possession of the same controlled substance (heroin), where each of the two offenses was a facet of the same transaction. In that we reverse appellant's conviction on the basis of his first contention, we need not examine the latter.
During closing argument by the State, the following dialogue took place:
"Mr. Ginsberg: ... I submit to you, ladies and gentlemen, what if you wanted to turn this pusher on the streets again?

*450 "Mr. Person: Objection, your Honor.
"The Court: The objection is sustained.
"Mr. Ginsberg: If you want to let this man 
"Mr. Person: Your Honor, excuse me. For the record, I move for mistrial, also.
"The Court: Motion for mistrial is denied.
"Mr. Ginsberg: If you want to put this man on the street to sell more heroin to people 
"Mr. Person: Your Honor, I objected to that and he continued.
"The Court: The objection is sustained."
We believe that the State's admittedly improper remarks went beyond the scope of the issues being tried and were so highly prejudicial as to deprive appellant of his right to a fair trial. Neither the court's sustaining of appellant's objections, nor the use of curative instructions by the bench, which were not sought by appellant nor given by the court, could have lessened the impact of those remarks. Glantz v. State, 343 So.2d 88 (Fla.3d DCA 1977); Reed v. State, 333 So.2d 524 (Fla.1st DCA 1976); Chavez v. State, 215 So.2d 750 (Fla.2d DCA 1968).
Accordingly, appellant's conviction is hereby reversed and remanded for new trial.
Reversed and remanded.