371 So.2d 211 (1979)
Alex SIMS, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 77-2050.
District Court of Appeal of Florida, Third District.
May 22, 1979.
Bennett H. Brummer, Public Defender, and Warren S. Schwartz, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from a judgment of conviction and sentence entered by the trial court after a jury trial. Appellant was found guilty of third degree murder, two counts of aggravated assault, and unlawful possession of a firearm. We reverse.
Among the points raised on appeal is one which requires reversal. This point is stated by appellant as follows:
"The court erred in denying defendant's motion for mistrial based on the highly prejudicial comment made by the prosecutor in his closing argument, thereby violating defendant's right to due process as guaranteed to him by the fourteenth amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution where the prosecutor stated that defense counsel would congratulate defendant at the end of the trial and tell him to `go get another one'.
"A. The prosecutor overstepped the bounds of propriety and fairness by making improper assertions of matters not in evidence in order to prejudice and unduly influence the jury.
"B. The prosecutor's statement exceeded the proper bounds for retaliatory remarks by the prosecution in response to statements made by the defense.

*212 "C. Where an improper remark is repeated, the proper remedy is a mistrial."
The record reflects that during closing argument to the jury, appellee made the following comment:
"I'll throw in a mud sling. I'll tell you that that [sic] jury, by the time they finish with this case, they're going to come back and they're going to shake Alex Sims' [defendant below] hand. `Go get another one, Alex.'"
This remark, in the context in which it was made, created the unmistakable impression that appellant would commit another murder should he be acquitted. Such remarks have consistently been found to be highly prejudicial and inflammatory to a jury. In our opinion, the making of this remark in the jury's presence deprived appellant of a fair trial. After appellee made the prejudicial remark, the trial court sustained appellant's objection to the statement. Immediately after this ruling, appellee repeated the comment: "Go get another one." This additional comment added further to the error. See, e.g., Grant v. State, 194 So.2d 612 (Fla. 1967); Porter v. State, 347 So.2d 449 (Fla.3d DCA 1977); Malery v. State, 303 So.2d 369 (Fla.3d DCA 1974); Thompson v. State, 235 So.2d 354 (Fla.3d DCA 1970); Russell v. State, 233 So.2d 154 (Fla.4th DCA 1970); and Chavez v. State, 215 So.2d 750 (Fla.2d DCA 1968). Based upon the reasons and the authorities set forth above, it was reversible error for the trial court to deny appellant's motion for a mistrial. Accordingly, the judgment of conviction and sentence appealed are reversed and the cause is remanded for a retrial.
Reversed and remanded.