375 So.2d 622 (1979)
Larry L. WHITE, a/k/a Larry Leon Higdon, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1358.
District Court of Appeal of Florida, Fourth District.
October 10, 1979.
Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Chief Judge.
Appellant seeks reversal of a conviction of burglary of a structure and sentence to confinement in the Florida State Prison for a term of fifteen years.
The appellee does not take issue with the facts of the case as recited in appellant's brief. Thus, we repeat appellant's Statement of the Facts:
*623 "The residence of Doris and Charles Ramsey, 646 S.W. 5th Avenue, Fort Lauderdale, was burglarized on January 5, 1977. Entrance was gained through a front window which had been broken out while the Ramseys were absent. When Ms. Ramsey returned home, the house was in disarray  many objects had been moved around. She heard a noise and left to call the police. They arrived soon afterwards but found no one inside. They did find a Kool cigarette butt lying outside or inside glass doors leading to a screened-in porch. Neither the Ramseys nor any of their houseguests smoked.
"Ben Langley, one of the officers who responded to the burglary first saw Appellant walking west on Southwest 4th Avenue and 6th Street. After arriving at the crime scene, he looked around and saw Appellant walking south on 5th Avenue toward him. He stopped at a car parked about one hundred feet (100') from the house and began working on its engine. On being questioned, Appellant said he was returning from his job at Mackey Airlines and his car broke down. The police tried starting the car and were successful. The engine was then turned off. Appellant smoked Kool cigarettes.
"An employee of Mackey Airlines denied that Appellant worked there at the time in question.
"Appellant voluntarily went to the police station to enable fingerprints to be taken. A fingerprint found on the inside window sill of the Ramsey residence matched Appellant's. Other prints taken from Ramsey property which had been moved within the house did not match Appellant's.
"At the scene, a footprint was discovered near the screened porch. Over objection, Officer Langley was allowed to testify as to his observations regarding these prints and prints left by Appellant's shoes." (Citations to transcript omitted.)
Appellant denied involvement in the burglary and stated that he had just finished repairing his car when the police stopped him. He stated further that the police took him back to the window of the burglarized house and when pushed he grabbed the window sill to keep from falling.
Appellant contends the trial court erred in allowing the officer to describe the footprint found at the scene and the shoes appellant was wearing at the time of his apprehension. He also asserts the sentence imposed was excessive.
Officer Langley testified over defense objection that the footprint found at the rear of the house in question was size 10, smooth, without printed matter and had a two inch heel. He then described appellant's shoes as a size 10, smooth, without any writing on it, and a two inch heel. Although Langley was not qualified as an expert in footprint analysis, his testimony was admissible. A lay witness is competent to testify to his observations concerning shoeprints. Irvin v. State, 66 So.2d 288 (Fla. 1953), cert. denied 346 U.S. 927, 74 S.Ct. 316, 98 L.Ed. 419 (1954); Alford v. State, 47 Fla. 1, 36 So. 436 (1904). The credence and weight to be given to such testimony is for the jury. Peacock v. State, 160 So.2d 541 (Fla. 1st DCA 1964), cert. denied 381 U.S. 916, 85 S.Ct. 1541, 14 L.Ed.2d 436 (1965). Thus appellant's first point has no merit.
Appellant was charged with burglary of a dwelling; the verdict found appellant "guilty of burglary of a structure, to wit: a dwelling house" and the judge in open court so adjudicated appellant. However, the judgment, when reduced to writing, simply stated that appellant was "tried and found guilty of burglary."
Accordingly, the conviction is affirmed, but the judgment is reversed and remanded with directions to correct the judgment so as to conform to the jury verdict and the court's oral adjudication of guilt. Simmons v. State, 369 So.2d 609 (Fla. 1st DCA 1978). Appellant need not be present at this amendment of the judgment.
AFFIRMED IN PART; REVERSED IN PART, with directions.
ANSTEAD, J., concurs.
CROSS, SPENCER C., Associate Judge, dissents without opinion.