SHIVERS, Judge.
Miller appeals her conviction and sentence for aggravated battery. Appellant argues that comments made by the prosecuting attorney during closing argument were so prejudicial that reversal is required despite the fact that no objection to these comments was made in the trial court. We affirm.
Miller was accused of shooting James Register at Fisherman’s Bar in Bay County on May 17, 1982. Appellant was charged with aggravated battery and carrying a concealed weapon. The alleged victim, Register, did not appear at the trial. There is no suggestion in the record that Register did not survive the alleged incident. In closing argument, defense counsel made the following statement:
The interesting thing is that Mr. Register is not even here. It makes you wonder what kind of case is involved. Why isn’t —where’s the evidence that would come from him? Do we actually know that he’s been shot? ... We really can’t speculate as to why he’s not here, I’ll leave that to you. But the fact is, and to me it’s a very glaring fact, a very important fact, that he is not here. He did not testify. Maybe he didn’t care, I don’t know.
In rebuttal, the prosecuting attorney made the following statement:
He wants to know where Mr. Register is. Mr. Register isn’t here so it excuses this girl from shooting Mr. Register. That won’t wash. Where was William Carrier when I prosecuted Michael Cannaday for murder? He was in his grave, he wasn’t here. Where was Don Phillips when I prosecuted Johnny Clayton and Wade Sumlin for murder, he was in his grave. And where was Jacquelyn Gurrganus when I prosecuted Larry Gurrganus for killing his wife, she was dead also. There is no visible requirement that the victim of a crime be before you in court.
No objection was made to the comments of the prosecuting attorney. The jury found appellant guilty of aggravated battery and carrying a concealed weapon.
There is no doubt that the prosecutor’s comments regarding prior murder cases were highly improper and raise serious ethical questions. The general rule, however, is that an error based on improper argument to the jury will not be considered by an appellate court unless a timely objection was made in the trial court. Pait v. State, 112 So.2d 380 (Fla.1959). An excep *1045 tion to this rule exists when an improper remark is so prejudicial to the rights of an accused that neither rebuke nor retraction could eradicate its evil influence. Id. In the instant case, it is possible that the trial court could have stricken the prosecutor’s remarks, upon appropriate motion, and could have given curative instructions which might have eliminated any prejudice to appellant. Although we in no way condone the conduct of the prosecuting attorney in making these improper remarks, we find that this case falls under the general rule.[1]
Appellant’s other contentions are without merit.
AFFIRMED.
MILLS and ZEHMER, JJ., concur.

. We note that the prosecuting attorney here was invited to comment upon the absence of Mr. Register by the argument of defense counsel. In Pait the court stated, “It should be noted that the remarks of the prosecutor were not provoked by irritations or proddings by the defense counsel.” 112 So.2d at 385. Appellant cannot be heard to complain about prosecutorial argument which is invited. See Lynn v. State, 395 So.2d 621 (Fla. 1st DCA), rev. denied, 402 So.2d 611 (Fla.1981); Dixon v. State, 206 So.2d 55 (Fla. 4th DCA 1968). We do not think, however, that defense counsel’s invitation in the instant case extended to analogizing Mr. Register with murder victims.