ZEHMER, Judge.
William Green appeals his conviction of two counts of armed robbery with a firearm, two counts of aggravated battery with a firearm, and two counts of armed kidnapping with a firearm. All offenses arose out of a single incident. Green raises four points.
We affirm the first and fourth points without discussion.
Under point two, appellant contends that the court erred in denying a mistrial when the prosecutor improperly asked a law enforcement officer whether the arrest warrant had been issued on a determination of probable cause. We agree with the comments of the trial court that this question “was completely intolerable ... reprehensible”; “It has nothing to do with the issue here, and you did it on purpose.... I am cautioning you against doing it again. It’s inexcusable.” However, we do not reverse on this issue because no curative instruction was requested, and this question was not so prejudicial as to vitiate the entire trial. See e.g. Duest v. State, 462 So.2d 446 (Fla.1985); Ferguson v. State, 417 So.2d 639 (Fla.1982); Cobb v. State, 376 So.2d 230 (Fla.1979). The court did not abuse its discretion by declining to grant a mistrial on this ground.
Point three contends that a mistrial should have been granted based on the prejudicial effect of the prosecutor’s following remarks during final argument:
What this case is really about, ladies and gentlemen — what this case is really about, ladies and gentlemen, is just a couple of things. It’s about Nathaniel Wright, a 53 year old man, who works hard every day to make his living. He works at the Naval Air Depot a full day and then he goes to a family owned business. He has been with the Navy 22 years. He is a hard worker. Then he goes to the family run business and works there the rest of the evening providing fuel oil to the neighborhood.
Through his day in and day out vigorous, ambitious work Mr. Wright is living the American dream, the American dream that says you can go out there and you can make it on your own, and he and his family are doing it, and this case is about him building a home for his family, him earning a living and this case is about people — this case is about the defendant William Bernard Green who thinks he can violate that, who is not going to earn a living, he is going to go take it by force from someone else. That’s what this case is about, ladies and gentlemen.
He comes to steel [sic], to hurt and to destroy, to take that which isn’t his and to hurt those from whom he takes putting fear in their hearts and to destroy the dreams of Nathaniel Wright and hard working efforts of this man and his family, and worse yet he teams up with employees of Mr. Wright, impostors pretending to earn a living but really planning to stab their benefactor in the back by having this defendant rob their employer.
Ladies and gentlemen, we are here today to prevent that injustice, to fight back against William Bernard Green. Mr. Wright is here today. I want you all to look at Mr. Wright and his son Jer-maal.
MR. TREECE: I am going to object.
THE COURT: That will be sustained, counsel.
MR. NEUNDORFER: Ladies and gentlemen, they are here today. They are here today to say no to Mr. Green, to say no to the defendant. They are here to *896 say you can bind our hands with telephone cord or with a belt and bind our feet with a cord and you can do so at the end of the gun and here saying you have no gun now, defendant. You have no gun in your hand now and you can’t do that to us now, and we are here today to see that justice is done, and I ask you to do justice today and find this defendant guilty on all counts and guilty as charged. I thank you.
R. 162-64.
Appellant asserts that arguments that appeal to the sympathy of the jury and to the jurors’ fears for the safety of their community have been repeatedly disapproved, citing Ryan v. State, 457 So.2d 1084, 1085 (Fla. 4th DCA 1984); Porter v. State, 347 So.2d 449 (Fla. 3d DCA 1977); Reed v. State, 333 So.2d 524 (Fla. 1st DCA 1976); Knight v. State, 316 So.2d 576 (Fla. 1st DCA 1975); Breniser v. State, 267 So.2d 23 (Fla. 4th DCA 1972); Russell v. State, 233 So.2d 154 (Fla. 4th DCA 1970); Chavez v. State, 215 So.2d 750 (Fla. 2d DCA 1968). The prosecutor’s argument quoted above violated the basic precepts in the cited cases, appellant contends, because it appealed to the jurors to decide this case “to protect the American dream, to dignify Mr. Wright’s hard work and ambitions, and to prevent further injustices to the Wrights and to society”; and this prejudice was compounded by “the prosecutor pointing to the victims and asking the jury to look at Mr. Wright and his son Jermaal and identify with them”; “this case was not about Nathaniel Wright working two jobs, supporting his family and living the American dream, or about two imposters stabbing their benefactor in the back by stealing from him. This case was about appellant’s guilt or innocence.”
There is no doubt that the prosecutor’s argument was highly improper, calculated to be inflammatory, and appealed to the sympathy of the jury. It is the type of argument repeatedly condemned by appellate courts of this state. We agree that the trial judge correctly sustained the objection made by defense counsel. However, defense counsel neither asked for an instruction that the jury disregard the argument nor moved for mistrial. This error was not included as a ground of the motion for new trial. Thus, the asserted error has not been presented to the trial court, and is made for the first time to this court. It is clear, therefore, that this asserted error was not properly preserved for appellate review, and can serve as a basis for reversal only if the error was so egregious that it amounts to fundamental error. After carefully considering the quoted statements in context with the balance of the prosecutor's argument, we are unable to say that it amounts to fundamental error. The preferred remedy for improper argument is to request a curative instruction from the court, Broxson v. State, 505 So.2d 1361 (Fla. 1st DCA), rev. denied, 518 So.2d 1273 (Fla.1987), and the quoted comments do not appear to be sufficiently prejudicial as to vitiate the entire trial. Duest v. State, 462 So.2d at 448; Cobb v. State, 376 So.2d at 232.
AFFIRMED.
ERVIN and WENTWORTH, JJ„ concur.