POLEN, J.
Appellant, Edson Barrios, was charged by information with sexual battery upon a child (Count I) and lewd or lascivious molestation (Count II) for events occurring between August 1, 2004 and October 31, 2004. Barrios was convicted following a jury trial and was sentenced to life imprisonment on Count I and fifteen years imprisonment on Count II, to run consecutively. Due to improper comments by the State during closing argument, we reverse and remand for a new trial.
The evidence at trial showed that Barrios had been a friend of the victim’s family since before the victim was born. According to the victim, when she was ten years old, her mother allowed her to accompany Barrios to the store to purchase CD’s. After going to the store, Barrios took the victim to his apartment, told her to take off her pants and underwear and lie on his bed. He then inserted his penis into her vagina and removed it when she told him it hurt. The victim did not tell anyone about the incident until months later when her mother, having noticed a change in the victim’s behavior, asked her what was wrong. As months had passed since the incident, the victim’s subsequent examination at the Sexual Assault Treatment Center did not yield any physical evidence linking Barrios to the crime.
During closing, the State argued: “The only true and just verdict is to say, you know what Edson Barrios, you got away with it for a couple of months, but not anymore. You will not do this to anyone else.” Defense counsel objected and the trial court sustained that objection. Later, the prosecutor stated, “Now, there were no abrasions. You heard [the nurse practitioner] say it goes away in a couple of days.' So, the defendant is going to get away with it because the victim didn’t say anything until two months later? Are we going to let Edson Barrios get away with it?” Defense counsel objected, and the trial court overruled the objection. Barrios subsequently moved for a mistrial and a new trial based on the comments, and the trial court denied both motions.
*710 The jury found Barrios guilty as charged, and the court sentenced Barrios to life imprisonment.
Barrios argues the trial court erred in denying his motion for mistrial and his motion for a new trial which were based on the State’s argument during closing because the comments impermissibly appealed to the jury’s sense of “civic responsibility.” The State replies that the motions were correctly denied because the comments were not so harmful or fundamentally tainted as to require a new trial.
A trial court’s rulings on prose-cutorial comments are reviewed for an abuse of discretion. Taylor v. State, 640 So.2d 1127, 1133 (Fla. 1st DCA 1994). The denial of a motion for mistrial is also reviewed for an abuse of discretion. Elisha v. State, 949 So.2d 271, 273 (Fla. 4th DCA 2007).
Here, in denying the motion for new trial, the trial court relied on Spencer v. State, 645 So.2d 377 (Fla.1994), in which the Florida Supreme Court held:
In order for the prosecutor’s comments to merit a new trial, the comments must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise.
Id. at 383 (citations omitted). Applying Spencer, the trial court found that the improper comments did not warrant a new trial.
Barrios likens the improper comments in this case to those made in Porter v. State, 347 So.2d 449 (Fla. 3d DCA 1977), and Russell v. State, 233 So.2d 154 (Fla. 4th DCA 1970). In Porter, the State argued to the jury that if the defendant was not convicted, he would “sell more heroin to people,” and the trial court sustained an objection by defense counsel. Porter, 347 So.2d at 449-50. The Third District determined that the improper remarks went beyond the scope of the issues being tried and denied Porter his right to a fair trial. Id. at 450. The court went on to state that neither the sustaining of defense counsel’s objections nor any curative instruction could have lessened the impact of the remarks and reversed and remanded for a new trial. Id.
Similarly, in Russell, the prosecutor argued to the jury that if they did not convict the defendant, another individual could possibly get killed by the defendant and even went on to say that if the defendant was not made to pay for the crime, “we are going to have people getting stabbed all over Orange County.” 233 So.2d at 154-55. This court found the comments highly prejudicial and agreed with the State that a harmless error analysis was inappropriate. Id. at 155.
We hold that the statements made by the prosecuting attorney during closing argument denied Barrios his right to a fair trial. The second comment, asking the jury whether it would “let Edson Barrios get away with it” is the primary reason for our reversal. The first statement is also problematic in light of the evidence adduced at trial. There was no physical evidence showing that Barrios, in fact, battered the victim. The State’s case rested largely on the victim’s testimony. Accordingly, it was improper and prejudicial for the State to argue that “[t]he only true and just verdict” was to find Barrios guilty.

Reversed and Remanded.

HAZOURI and GERBER, JJ., concur.