471 F.2d 909
 Scott S. WORKMAN, Petitioner-Appellee,
v.
Harold J. CARDWELL, Warden, etc., Respondent-Appellant.
Scott S. WORKMAN, Petitioner-Cross-Appellant,
v.
Harold J. CARDWELL, Warden, etc., Respondent-Cross-Appellee.
 Nos. 72-1426, 72-1427.
 United States Court of Appeals,
Sixth Circuit.
 Dec. 8, 1972.
 
 Paul Mancino, Jr., Cleveland, Ohio, for Scott S. Workman.
 Jeffrey L. McClelland, Asst. Atty. Gen., for Harold J. Cardwell, Warden; William J. Brown, Atty. Gen., of Ohio, Columbus, Ohio, on brief.
 Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal and a cross-appeal from the District Court's decision granting habeas corpus relief under 28 U.S.C. Sec. 2254. The factual bases underlying Petitioner Workman's claims for relief are set forth in the District Court's Memorandum Opinion and Order, reported at 338 F.Supp. 893, and will be repeated herein only as necessary to frame several of the issues raised by the respective appeals.
 
 
 2
 As its primary issue on appeal, Respondent contends that the District Court erred in concluding that the investigating police officer's use of a single photograph of Petitioner, from which the victim identified Petitioner as the man who had committed the robbery, seems to have been "undeniably suggestive" and constituted a denial of due process. See 338 F.Supp. at 896. Under the circumstances surrounding this identification procedure in the present case, we find that the District Court did not err in the above conclusion, based on the guidelines set forth in Simmons v. United States, 390 U.S. 377, 383-386, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Significantly, there was only one eyewitness to the robbery in the present case, and his out-of-court identification of Petitioner was based on the single photograph, notwithstanding the fact that the witness viewed twenty or more "mug shots" soon after the robbery.[1] Compare Simmons v. United States, supra, 390 U.S. at 385, 88 S.Ct. 967, with United States v. Fowler, 439 F.2d 133, 134 (9th Cir. 1971).
 
 
 3
 We are unable to hold that the District Court was clearly erroneous in thus finding that this identification procedure was impermissibly suggestive and in further finding that the out-of-court identification influenced the victim's incourt identification of Petitioner. On the basis of this determination alone, we affirm the District Court's grant of the writ of habeas corpus.
 
 
 4
 Whereas disposition of the present appeals does not require us to resolve the additional issues raised by the parties, we deem it advisable to treat several of those issues for the guidance of the state trial court in the event that Petitioner is retried.
 
 
 5
 We agree with the District Court's determination that the asserted "search" of Petitioner's automobile was not unreasonable under the Fourth Amendment. See 338 F.Supp. at 896. As described in the District Court's opinion, Petitioner's automobile, with the engine running and bearing an expired California license plate, was observed by the police in the immediate vicinity of the store. Upon learning of the robbery, the police placed the automobile under surveillance for several hours, after which they decided to have it towed. Entering the automobile just prior to the tow, a policeman saw a manilla Ohio License Bureau envelope lying on the front seat. The policeman opened the envelope and found Ohio license plates which had been issued to Petitioner. To the extent that this action by the policeman can be deemed a search and seizure, we conclude that it was permissible under the considerations set forth in Chambers v. Maroney, 399 U.S. 42, 46-52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) (distinguishing between home and automobile searches) and the "plain view" doctrine as applied in Harris v. United States, 390 U.S. 234, 88 S. Ct. 992, 19 L.Ed.2d 1067 (1968).
 
 
 6
 The District Court correctly ruled that Petitioner's challenge of the validity of the arrest warrant-absent any claim that Petitioner was thereby deprived of a fair trial-does not rise to the level of a constitutional claim cognizable in a federal habeas corpus proceeding. See 338 F.Supp. at 896; Haney v. Nelson, 414 F.2d 801 (9th Cir. 1969); Lopez v. Burke, 413 F.2d 992, 994 (7th Cir. 1969); Abraham v. Wainwright, 407 F.2d 826, 828 (5th Cir. 1969); Woods v. Hanley, 398 F.2d 826, n. 2 (4th Cir. 1968); Fernandez v. Klinger, 346 F.2d 210, 211-212 (9th Cir.), cert. denied, 382 U.S. 895, 86 S.Ct. 191, 15 L. Ed.2d 152 (1965). Petitioner does not assert that any evidence obtained incident to his arrest was introduced at trial or that his trial was otherwise affected by the asserted defect in the arrest warrant.
 
 
 7
 The District Court was also correct in its conclusion that Petitioner's claim that the trial court failed to dismiss a prospective juror for cause, requiring Petitioner to employ one of his peremptory challenges, does not in itself constitute a denial of a fair trial, cognizable in a federal habeas corpus proceeding. See 338 F.Supp. at 896.
 
 
 8
 We express no view respecting the District Court's ruling on the claim that Petitioner was required to answer questions on cross-examination relating to prior juvenile convictions at which he was not represented by counsel.[2] See 338 F.Supp. at 896-98.
 
 
 9
 We find it necessary to take special note of the District Court's ruling requiring that Petitioner be credited with any pretrial detention in lieu of bond. See 338 F.Supp. at 898-901. In view of our affirmance of the District Court's grant of the writ of habeas corpus and the contingencies (retrial and reconviction) upon which the District Court's ruling rests, we deem it advisable to defer a resolution of this issue until it is squarely presented to this Court. That portion of the District Court's order respecting credit for pretrial detention is therefore vacated without prejudice to Petitioner's presenting the same claim in a habeas corpus proceeding should he be retried and again convicted. It should be noted that the issue of credit for pretrial detention in Ohio has recently been considered by a three-judge District Court in White v. Gilligan, 351 F.Supp. 1012 (S.D. Ohio, 1973).
 
 
 10
 We hasten to add that the District Court's determination respecting the constitutionality of Ohio Revised Code, Section 2967.191 (credit for post-conviction, precommitment detention), stands at best as pure dictum in that the statute in no way relates to the Court's holding respecting credit for pretrial detention.
 
 
 11
 The judgment of the District Court is affirmed in part and vacated in part.
 
 
 
 [1]
 Although the District Court's opinion does not emphasize this point, it should be noted that there appear to have been no compelling exigencies which might have justified the use of a single photograph. Unlike the situation in Simmons v. United States, supra, where the F.B.I. was in need of prompt substantiation of their inconclusive clues leading to the defendants, who were still at large, in the present case a warrant for Petitioner's arrest had been issued one day prior to the single photograph identification. It thus appears that the victim's identification of Petitioner at most served only to confirm the probable cause upon which the arrest warrant had presumably been issued
 
 
 [2]
 Petitioner asserts as an additional error the District Court's failure to rule upon his claim that certain statements made by him to police officers, without having been advised of his rights, were introduced against him at trial. Because we affirm the District Court's grant of the requested writ of habeas corpus, we find it unnecessary to consider a possible remand for resolution of this claim