UNITED STATES of America,
Plaintiff-Appellee,

v.

Jan C. HUMER, Defendant-Appellant.

No. 76–1815
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1976.

Jan C. Humer, pro se.

Theodore J. Sakowitz, Federal Public Defender, Edward B. Galante, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Robert Rust, U. S. Atty., Barbara D. Schwartz, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Jan C. Humer was convicted of possessing with intent to distribute, importing, and conspiring to import 5,300 pounds of marijuana. The trial court imposed concurrent sentences of thirty months imprisonment with two years special parole, and fined Humer $1,500 on each count. Humer appeals, claiming there was insufficient evidence to support the convictions and alternatively that the prosecutor's improper remarks during opening argument entitle her to a new trial. We affirm the convictions.

On the night of June 14, 1975 Humer went to a houseboat which belonged to

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* ·
5 Cir., 1970, 431 F.2d 409, Part 1.

her boyfriend and upon which she had earlier resided. Humer's boyfriend was not there, but several other people were. They gave her a walkie-talkie. She then drove her car up and down the adjoining dirt road, sometimes with her lights out, and used the walkie-talkie to communicate with the people aboard the boat. Humer returned to the boat when she saw the vessel *Award* approaching the marina. Several people, at least one of whom Humer knew, unloaded the 5,300 pounds of marijuana from the *Award* onto the houseboat. Humer was present and knew that the substance was marijuana. Shortly thereafter she left, taking one of the persons who unloaded the marijuana to a nearby bridge where he could presumably use the walkie-talkie he was carrying and act as a lookout. This uncontested evidence, which we have taken from Humer's own testimony, in conjunction with the government's other evidence, is sufficient to sustain the conviction. The jury could reasonably have rejected Humer's claim that she was an innocent bystander.

Humer correctly notes that the prosecutor made several improper remarks during opening argument. The prosecutor told the jury:

> You will find throughout the testimony that during the course of this operation at least one or two people were involved in almost every phase of it and as a consequence I am going to instead of having each witness, which will be maybe two to three who can testify to the same thing, I will only have only one witness testifying to that series of events.

Defense counsel promptly objected, and the court agreed that if the prosecution intended to rely on additional witnesses it would have to call them.

The prosecutor clearly had no business intimating that there were corroborating witnesses whose testimony would not be adduced in open court; appellant had the right to confront the witnesses against her. Although we strongly disapprove the prose-

cutor's remarks, in the particular circumstances of this case they do not entitle defendant to a new trial. First, the main points of contention in this trial were not the facts to which the witnesses testified but rather the inferences to be derived from undisputed testimony. Appellant's own testimony corroborated many of the incriminating facts, and as we have indicated the jury acted entirely reasonably in drawing the inference of guilt from those undisputed facts. Second, the trial court sustained the objection to the prosecutor's remarks, and both the prosecutor and the trial court told the jury that only what the witnesses said constituted evidence. Appellant did not request a correcting instruction either when the prosecutor's remarks were made or at the end of the trial. Under these circumstances we can safely conclude that the impermissible remarks were harmless beyond a reasonable doubt. The other improper remarks about which appellant complained were insignificant and could not have prejudiced defendant.

AFFIRMED.