425 So.2d 1217 (1983)
Deborah RAHMINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-282.
District Court of Appeal of Florida, Second District.
February 2, 1983.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
This appeal involves the question of whether the remarks made by the prosecutor so prejudiced the defendant as to require a new trial.
Ms. Rahmings was charged with aggravated assault by use of a firearm. In his closing argument to the jury, the prosecutor stated:
Your conviction will do two things today: It will take the presumption of innocence totally away from her and you will sleep at night, because you're going to prevent a murder. And that's what it's going to boil down to. One day Rahmings is going to come out and pull that trigger. So you can sleep real good tonight because you will have prevented a murder by giving her a conviction, believing the state's case.
Counsel for the accused objected to this comment and moved for a mistrial. The motion was denied, and the jury found Rahmings guilty of aggravated assault without the use of a firearm. She now contends that the court should have granted a mistrial since the prosecutor's remarks improperly influenced the jury.
Admittedly, counsel is permitted wide latitude in arguing to a jury. Breedlove v. State, 413 So.2d 1 (Fla. 1982). However, highly prejudicial and inflammatory remarks require reversal unless the appellate court can determine from the record that the improper statements did not prejudice the defendant. Pait v. State, 112 So.2d 380 (Fla. 1959); Chavez v. State, 215 So.2d 750 (Fla. 2d DCA 1968). Here, the prosecutor's remarks may have been prompted by evidence of a previous altercation between the defendant and the victim. In any event, the comment created the impression that if the jury acquitted the defendant, she would subsequently commit a murder. Remarks of a similar nature brought about reversals in Grant v. State, 194 So.2d 612 (Fla. 1967); Sims v. State, 371 So.2d 211 (Fla. 3d DCA 1979); Russell v. State, 233 So.2d 154 (Fla. 4th DCA 1970). We hold *1218 that the offending statement was so prejudicial as to deprive the defendant of a fair trial.
Accordingly, we reverse the judgment of conviction and sentence and remand for a retrial. Our decision makes any discussion of the remaining issues on appeal unnecessary.
SCHEB and LEHAN, JJ., concur.