**UNITED STATES of America,
Plaintiff,**

v.

**Richard Lee TUCK CHONG, AKA
"China" Defendant.**

**No. CR.NO. 98–416 ACK.**

United States District Court,
D. Hawaii.

Nov. 9, 1999.

Larry L. Butrick, Office of the United States Attorney, Honolulu, HI, for U.S.

Michael A. Weight, Office of the Federal Public Defenders, Honolulu, HI, Marcia A. Morrissey, Santa Monica, CA, for defendant.

### ORDER DENYING DEFENDANT'S MOTION REQUESTING MODIFICATION OF THE RATIO OF PEREMPTORY CHALLENGES GRANTED TO THE DEFENSE AND THE GOVERNMENT

KAY, District Judge.

On October 8, 1999, Defendant filed a Jury Selection Procedures Motion. The Government filed a Response to Defendant's Motion on October 21, 1999. Defendant filed a Reply to Government's Response on October 28, 1999.

The Defendant first moved, and the Government did not object, that the Court issue a jury questionnaire to prospective jurors. Because the Court previously ordered the parties to submit a proposed questionnaire to the Court, Defendant's motion is moot.

Defendant next moved the Court for individual sequestered voir dire and attorney participation in voir dire. The Government agreed that individually sequestered voir dire is appropriate, but disagreed regarding the degree of involvement of the attorneys during the voir dire process. Whereas Defendant suggested that the attorneys participate heavily in voir dire, the Government encourages the Court to conduct nearly all voir dire in this case.

This matter is entirely in the discretion of the Court. In this regard, the Court is inclined to use the standard practice of the Court examining potential jurors and allow counsel to ask follow-up questions, although each panel member will be questioned individually.

■ Last, Defendant moved the Court to modify the ratio of peremptory challenges granted to the defense and the government. Defendant claims that he is being denied equal protection because the government is provided an even number of peremptory challenges, whereas in non-capital cases, the defendant receives ten peremptory challenges to the government's six.

Federal Rule of Criminal Procedure 24(b) provides:

If the offense charged is punishable by death, each side is entitled to 20 peremptory challenges. If the offense charged is punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges. If the offense charged is punishable by imprisonment for not more than one year or by fine or both, each side is entitled to 3 peremptory challenges.

■ The Court finds that Defendant is not being denied equal protection by receiving the same number of peremptory challenges as the government. As the Supreme Court has explained: "We have long recognized that peremptory challenges are not of constitutional dimension. They are a means to achieve the end of an impartial jury." *Ross v. Oklahoma,* 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988) (citations omitted). That is, peremptory challenges are not required by the Constitution. Rather, what is required is that jurors not have such fixed opinions that they could not impartially judge the guilt of the defendant.

■ The Fifth Circuit has determined that "Rule 24(b) does not mandate a ratio of peremptory challenges." *U.S. v. Mendoza–Burciaga,* 981 F.2d 192, 198 (5th Cir. 1992). Nor is there a general constitutional right to a particular number of peremptory challenges. *Watson v. Camp,* 848 F.2d 89, 92 (7th Cir.1988), as the right to a specific number of peremptory challenges is not constitutionally secured. *See Swain v. Alabama,* 380 U.S. 202, 219, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); *see also U.S. v. Capua,* 656 F.2d 1033, 1037 (5th Cir.

1981) ("The provisions in the Federal Rules of Criminal Procedure fixing the number of peremptory challenges and the jurisprudence concerning the method as well as the grounds for making challenges for cause are not inherent components of the right to a trial by a fair and impartial jury.")

In *Mendoza–Burciaga,* the defendant challenged the district court's use of additional peremptory challenges, asserting that the court's action "upset the ratio of defense to prosecution peremptory challenges." *Id.* The district court had granted both the defense and the prosecution two additional peremptory challenges. In deciding that Rule 24(b) did not require a specific ratio of peremptory challenges, the Court of Appeals noted that there was no case authority "establishing that [the district court's action] was an error, much less reversible error." *Id.* The Court thus determined that the district court was not in error when it upset the ratio of peremptory challenges by granting both the defendant and the government two additional challenges.

In sum, granting the same number of peremptory challenges to the Defendant and the government will not deprive Defendant of a fair and impartial jury.

■ Defendant contends that the uniform number of peremptory challenges provided for the defense and the government in capital cases violates equal protection, as the higher ratio that non-capital defendants receive reflects a bias against capital defendants. Defendant urges that the Court apply strict scrutiny, as Defendant's life is at stake. Under a strict scrutiny analysis, Defendant contends that the statute must fail, as any governmental interest justifying the statute is overridden by Defendant's right to obtain a fair trial before an impartial jury.

The Court first determines that there is no equal protection issue. The rule does not classify defendants based on whether they are charged with a capital crime.

Rather, Rule 24(b) classifies the *offense* based on whether it is punishable by death (in which case both sides receive the same number of peremptory challenges), by imprisonment for more than one year (defendant has ten to the government's six peremptory challenges), or by imprisonment by not more than one year or by fine or both (both sides receive the same number of peremptory challenges: three). Thus, defendants charged with a capital offense and those charged with an offense punishable by imprisonment for not more than one year or by fine or both, all receive the same number of peremptory challenges. Accordingly, an equal protection analysis is not applicable.

■ Moreover, even if the statute did differentiate capital and non-capital defendants, this classification is not a suspect one; nor are peremptory challenges a fundamental right. Thus, a rational basis test, rather than strict scrutiny, is appropriate.

■ The Supreme Court has articulated three distinct standards applicable to equal protection analysis: strict scrutiny, heightened scrutiny, and rational basis review. See *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 440–41, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). The standard to be invoked depends on the nature of the class involved or the interest affected. The most lenient standard, rational basis review, requires only that a rational basis exist for the classifications drawn and that the practice in question be adopted in pursuit of legitimate government purposes. See, *e.g., San Antonio Independent Sch. Dist. v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). At the other extreme, the strict scrutiny standard requires a close connection between the legislation or practice under examination and a compelling state interest. This is the appropriate test when fundamental rights are at stake or a suspect classification is involved. See, *e.g., Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (right of woman to

choose an abortion); *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (right to travel); *Loving v. Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967) (right to marry). Finally, in between these two positions lies an intermediate standard of review, heightened scrutiny: there must be a substantial relationship to an important, although not compelling, state interest. This standard has been applied to gender-based classifications. *See, e.g., Califano v. Goldfarb,* 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977); *Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976).

Here, Defendant has alleged neither a fundamental right nor a suspect classification. As previously discussed, the statute does not classify defendants based on whether they are charged with a capital crime: Rule 24(b) grants the same ratio of peremptory challenges to both capital defendants and non-capital defendants whose offense is punishable by imprisonment of not more than one year or by fine or both. Moreover, peremptory challenges are not a fundamental right.

Defendant contends, however, that even under a rational basis test that the statutory distinction between capital and non-capital defendants does not withstand constitutional analysis. Defendant is incorrect.

The Court finds that a rational basis exists for the classifications drawn between capital and non-capital defendants. Capital defendants require different treatment with regard to peremptory challenges because it is necessary to draw a jury that is impartial not only to the particular defendant, but also can impartially weigh the evidence in determining whether a sentence of death is appropriate.

Furthermore, there is a legitimate government purpose for granting both capital defendants and the government while non-capital defendants receive more such challenges. In capital cases, each side is entitled to 20 peremptory challenges. This high number of peremptory challenges is necessary in order to obtain a jury that is able to impartially weigh the evidence in determining whether a death sentence is appropriate. In a non-capital case, death sentencing is not an issue; thus, a lower number of peremptory challenges for both sides is appropriate.

## CONCLUSION

For these reasons, the Court hereby DENIES Defendant's Motion Requesting Modification of the Ratio of Peremptory Challenges Granted to the Defense and the Government.

IT IS SO ORDERED.